# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2220

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Demetrius Darnez Key, also known | * | |
| as Oooh, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 30, 2003

Filed:  January 12, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Demetrius Key pleaded guilty to conspiring to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 360 months imprisonment and 5 years supervised release on the conspiracy count and 120 months imprisonment and 3 years supervised release on the

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

felon-in-possession count, to be served concurrently. On appeal, Key argues the district court erred in enhancing his conspiracy sentence under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon. We affirm.

The district court did not clearly err in enhancing Key's sentence. In his plea agreement Key stipulated, and at sentencing he testified, that he possessed a handgun at a residence where he received a shipment of cocaine. See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (enhancement should be applied if weapon was present, unless it is clearly improbable weapon was connected with offense); United States v. Frazier, 280 F.3d 835, 853 (8th Cir.) (government must show by preponderance of evidence both that weapon was present and that it was not clearly improbable weapon had nexus to criminal activity; nexus is established if weapon was stored in same location as drugs, and district court's factual finding is reviewed for clear error), cert. denied, 537 U.S. 911 (2002). Key testified that he kept the gun only for personal protection, but the district court was entitled to discredit his testimony and conclude that the gun served the dual purpose of protecting Key and facilitating the drug conspiracy. See United States v. Sample, 213 F.3d 1029, 1034 (8th Cir. 2000) (credibility determinations are left to sentencing court); Brown v. United States, 169 F.3d 531, 533 (8th Cir. 1999) (lawful use or intended use of firearm for one purpose does not preclude use of firearm for prohibited purpose of facilitating drug trade, and therefore does not automatically remove firearm from purview of § 2D1.1(b)(1)).

Accordingly, we affirm.
_____